BLANCHE M. DEWEY, Respondent, *v.* OLIVE FOUNTAINE, Appellant.

Supreme Court, Appellate Term, First Department, April 22, 1926.

Trial — new trial on ground of newly-discovered evidence — action for balance due on promissory note of $1,000 — defendant alleged usury and claimed amount advanced was less than plaintiff claimed — proposed evidence showing plaintiff gave certified check for $800 deemed newly-discovered evidence — defendant entitled to new trial.

In an action wherein the plaintiff sued for the balance due on a promissory note for $1,000, and defendant set up the defense of usury and claimed that she had given the note for $1,000 in return for a loan of $800, evidence discovered since the trial, upon inquiry at plaintiff's bank, to the effect that on the date in question plaintiff gave defendant a certified check for $800, is newly-discovered evidence, the materiality of which is sufficient to warrant a new trial; the proposed evidence is newly discovered in the sense that the defendant could not reasonably have expected to make inquiries at the bank under the circumstances.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, in favor of plaintiff, after trial by a judge without a jury, and from order denying a motion for a new trial on the ground of newly-discovered evidence.

*Harris E. Skinner,* for the appellant.

*David C. Myers* [*Benjamin Frindel* of counsel], for the respondent.

PER CURIAM. Plaintiff sued for the balance due on a note for $1,000. The defense was usury, defendant claiming that she had given the note for $1,000 in return for a loan of $800. The issue litigated was the amount advanced.

Plaintiff gave at least two variant accounts of the manner in which the loan was made, one to the effect that she gave defendant

a check for $1,000, and the other that she gave a check for $990 and $10 in cash.

Since the trial the defendant has, upon inquiry at plaintiff's bank, discovered that on the date in question plaintiff gave her a certified check for $800. Plaintiff's explanation of this discrepancy is that she gave this check and the balance of $200 in cash to enable defendant to pay certain obligations.

We think that the testimony is newly discovered in the sense that the defendant could not reasonably have been expected to make inquiries of this sort under the circumstances, and that it was material.

Order reversed, judgment vacated, and new trial granted, with thirty dollars costs to abide the event. Appeal from judgment dismissed.

BIJUR and LEVY, JJ., concur; LYDON, J., dissents.